UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION<br><br>**Plaintiffs**<br>vs.<br><br>BAYER CORPORATION, an Indiana corporation; BAYER HEALTHCARE PHARMACEUTICALS INC., a Delaware corporation; BAYER HEALTHCARE, LLC, a Delaware limited liability company; BERLEX LABORATORIES, INC., a Delaware corporation; BAYER SCHERING PHARMA AG, a German corporation; SCHERING AG, a German corporation; and DOES ONE through ONE HUNDRED, inclusive;<br><br>**Defendants.** | 3:09-md-02100-DRH-PMF<br>MDL No. 2100<br><br>Judge David R. Herndon<br><br>Civil Action No.: 3:09-cv-20079-DRH-PMF |

**This Document Relates to:**

SUSAN GALINIS

### REQUESTS FOR ADMISSIONS TO DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC., SET THREE

PROPOUNDING PARTY:      **Susan Galinis**

RESPONDING PARTY:       **Bayer Healthcare Pharmaceuticals Inc.**

SET NUMBER:             **Three (55 through 74)**

Plaintiff Susan Galinis ("Plaintiff"), by her counsel, hereby request, pursuant to Rule

36 of Federal Rules of Civil Procedure, that Defendant BAYER Healthcare Pharmaceuticals Inc., admits the truth of the matters set forth in these Requests for Admissions.

## DEFINITIONS

1. "BAYER" refers to all Schering, Berlex and/or BAYER entities that manufactured and/or sold any drosperinone ("DRSP") containing oral contraceptive.

## INSTRUCTIONS

Each matter is admitted unless, within the 30 days after service of this Request, Defendant serves a written answer or objection addressed to the matter, signed by Defendant or its attorney.

## REQUESTS FOR ADMISSION

Admit that each of the following statement is true:

55. The bioavailability of EE in a single Yasmin tablet is greater than 30mcg.

56. The bioavailability of EE in a single Yasmin tablet is greater than 40mcg.

57. The bioavailability of EE in a single Yasmin tablet is greater than 50mcg.

58. A new Yasmin user is at greater risk of stroke than a woman who is switching from another combined oral contraceptive ("COC") to Yasmin.

59. BAYER did not provide to the FDA information about DRSP-containing contraceptives and Activated Protein C ("APC") resistance.

60. BAYER never conducted a clinical study comparing the thromboembolic risk between Yasmin and other COCs.

61. BAYER had a responsibility, independent of what FDA directed it to do, to alert Kaiser physicians to increased thromboembolic risks that were unknown to or poorly understood by the FDA, but were known to BAYER.

62. BAYER is solely responsible to warn Kaiser doctors about the risks related to the use of Yasmin.

63. BAYER made implied claims of Yasmin's superiority to Kaiser that were not approved by the FDA.

64. BAYER promoted Yasmin to Kaiser for the off-label use of premenstrual dysphoric disorder.

65. BAYER promoted Yasmin to Kaiser for the off-label use of acne.

66. BAYER promoted Yasmin to Kaiser for the off-label use of weight loss.

67. Based upon the FDA's communication in January 2003, BAYER should have advised prescribing Kaiser doctors of the seriousness of thromboembolic events.

68. In 2004 Bayer failed to warn Kaiser physicians about the seriousness of the thromboembolic risk.

69. In 2008 BAYER failed to disclose to Kaiser physicians data BAYER knew from of the Lidegaard manuscript about Yasmin's increased venous thromboembolic risk.

70. Bayer failed to warn Dr. Co-Asino that a new Yasmin user is at a greater risk of stroke than a woman switching from COC to Yasmin.

71. Bayer failed to warn Dr. Co-Asino that a woman taking Yasmin was at an increased risk of thromboembolism when compared to any other COC.

72. Bayer failed to warn Kaiser physicians about the increased estrogenicity of Yasmin.

73. Bayer failed to warn Kaiser physicians that the use of Yasmin leads to greater APC resistance.

74. Yasmin caused Ms. Galinis' stroke.


DATED:  June 28, 2016


           ___s/Kristine K. Meredith_____
           Kristine K. Meredith

## CERTIFICATE OF SERVICE

I, Kristine K. Meredith, an attorney hereby certify that a true and correct copy of the foregoing document entitled REQUESTS FOR ADMISSIONS TO DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC., SET THREE was emailed to counsel listed below on June 28, 2016:

Doug Schreiner
Jeff Fields
Jeremy Wieck
Shook, hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108
dschreiner@shb.com
jwieck@shb.com
jfields@shb.com

Kaspar Stufelmayr
Kate Roin
Bartlitt, beck LLP
54 W. Hubbard St., Ste. 300
Chicago, IL 60654
Kaspar.stoffelmayr@bartlit-beck.com
Kate.roin@bartlit-beck.com

*Attorneys for Defendants.*

By: /s/ Kristine K. Meredith
Kristine K. Meredith