# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GALINIS, et al., <br> Plaintiffs, <br> v. <br> BAYER CORPORATION, et al., <br> Defendants. | Case No. 09-cv-04980-SI <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO SEAL** <br><br> Re: Dkt. No. 99 |

Currently before the Court is plaintiffs' administrative motion to file records under seal. Dkt. No. 99. Plaintiffs' motion does not comply with Civil Local Rule 79-5 and is therefore DENIED without prejudice.

**BACKGROUND**

This case was originally filed in the Northern District of California on October 19, 2009. Dkt. No. 1. On November 20, 2009, the United States Judicial Panel on Multidistrict Litigation ("the MDL panel") transferred this action to the Southern District of Illinois for consolidated proceedings pursuant to 28 U.S.C. § 1407 and assigned the case to the Honorable David R. Herndon. Dkt. No. 5. On October 15, 2018, the panel remanded this action back to the Northern District Court of California. *See* Dkt. Nos. 77, 79.

At the time of remand, there were three pending motions in this case: defendant Bayer's Motion to Exclude Expert Testimony That Bayer Withheld Information About Adverse Events Regarding Yasmin (Dkt. No. 57); Motion to Exclude Irrelevant Expert Testimony on VTE Studies and Unreliable Expert Testimony that Yasmin Has a Higher Stroke Risk Than Other Oral

Contraceptives (Dkt. No. 58); and Motion for Summary Judgment for Failure to Establish Causation or Any Failure to Warn (Dkt. No. 59). Defendants filed these motions, and plaintiffs filed their oppositions, while this case was pending in the Southern District of Illinois. The motions are now set for hearing before this Court on June 14, 2019. Dkt. No. 96.

During the briefing on these motions, plaintiffs filed all of their opposition documents (briefs and supporting declarations and exhibits) under seal. *See* Dkt. Nos. 63, 64, 65, 66, 67, 68. At a case management conference before this Court on February 8, 2019, the Court informed plaintiffs that "[a]ll documents previously filed under seal shall either be unsealed and/or counsel must re-file them along with motions to seal those documents pursuant to Local Rule 79-5." Dkt. No. 96.

On February 22, 2019, plaintiffs filed the present administrative motion to seal, seeking to keep exhibits 9-16, 23, and 37-39 under seal. Dkt. No. 99. As the basis for their motion, plaintiffs state that the parties entered into a stipulated protective order, that they are subject to Case Management Order No. 7[1] in the MDL, and that the Bayer defendants designated the exhibits in question as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL." Dkt. No. 99 at 2.

## LEGAL STANDARD

With the exception of a narrow range of documents that are "traditionally [] kept secret," courts begin their sealing analysis with a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). Information is considered sealable when "the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b).

According to Civil Local Rule 79-5, a motion to file under seal must be accompanied by "[a]

---

[1] The declaration of Claire Y. Choo states that a "true and correct copy of Case Management Order #7 is attached hereto as Exhibit A[,]" but no such document was attached. *See* Dkt. No. 99-1 ¶ 3. It appears, however, that a copy of Case Management Order No. 7 is available through the Court's Electronic Case Filing system. *See* Dkt. No. 9.

declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). The motion shall be accompanied by "[a] proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed," "[a] redacted version of the document that is sought to be filed under seal . . . [that] prominently display[s] the notation 'REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED,'" and "[a]n unredacted version of the document sought to be filed under seal . . . [that] prominently display[s] the notation 'UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED.'" Civ. L.R. 79-5(d)(1)(B)-(D).

Civil Local Rule 79-5(e) triggers additional requirements when "the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party[.]" Civ. L.R. 79-5(e). In such instance, the Submitting Party must serve the Designating Party with its Administrative Motion to File Under Seal the same day that the Submitting Party files its declaration. "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**DISCUSSION**

Plaintiffs' motion to file records under seal does not comply with Civil Local Rule 79-5. First, plaintiffs have failed to file redacted and unredacted versions of the documents as required by Civil Local Rule 79-5(d)(1)(C)-(D). As the rule states, "[o]nly the unredacted version of a document sought to be sealed, may be filed under seal before a sealing order is obtained . . . ." Civ. L.R. 79-5(c). Presently, plaintiffs' entire opposition briefs continue to be sealed from public viewing, without even redacted versions available.

Additionally, based on plaintiffs' filings, it is unclear what information plaintiffs are attempting to keep under seal. By their selective filing (i.e., by now seeking only to seal Exhibits 9-16, 23, and 37-39), it is unclear whether plaintiffs intend that the remainder of the briefs and exhibits in their oppositions should be unsealed. *See* Dkt. Nos. 63, 64, 65, 66, 67, 68. If that is the case, plaintiffs should either re-file their documents on the docket publicly or should file a

3

stipulation indicating which of the previously filed documents may be unsealed. Nor is it clear from the filings whether plaintiffs seek to seal the attached exhibits in whole or in part. The parties are reminded that any request to seal "must be narrowly tailored to seek sealing only of sealable material . . . ." Civ. L.R. 79-5(b).

Nor does the Court find it compelling that the parties were subject to Case Management Order No. 7 in the MDL. That Order provides, in part: "Where a party seeks to file a pleading or motion that contains Confidential Information, that party shall file under seal any Confidential or Highly Confidential Information *consistent with applicable law and local practice*." Dkt. No. 9 at 16 (emphasis added). This case is now before this Court, with a pending summary judgment motion and two motions to exclude expert witness testimony. The parties must comply with this District's Civil Local Rules.

For the above reasons, the Court DENIES the motion to seal without prejudice. Plaintiffs may file a new motion that complies with Civil Local Rule 79-5, keeping in mind that the Court will not order sealing of a given document simply because defendants have marked it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## CONCLUSION

For the foregoing reasons, plaintiffs' administrative motion to seal is DENIED without prejudice.

**IT IS SO ORDERED**.

Dated: March 4, 2019

_____
SUSAN ILLSTON
United States District Judge

4